UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA MORSE, NEBKA MAPIER and MAHINA NAPIER,

                              Plaintiffs,

-vs-

RONZELL STAMPS, MR. BOBBY KIRVEN, PATRICK ANTONIO NPAIER, STREET GANG ASSOCIATES, RONZELL STAMP'S RELATIVES, DORIS ROMAN and LISA MORES'S RELATIVES WHOM ASSOCIATE WITH DEFENDANTS, and BOBBY KIRVEN'S RELATIVES,

                              Defendants.

DECISION AND ORDER

18-CV-6865-CJS

---

**Siragusa, J.** Before the Court are Plaintiffs' motions for *in forma pauperis* status. Motions, ECF Nos. 2, 3, & 4, filed Dec. 3, 2018, and a motion for miscellaneous relief, ECF No. 5, filed on December 18, 2018. Plaintiffs' motions seeking *in forma pauperis* status are granted, her motion for miscellaneous relief is denied, and the complaint is dismissed without prejudice.

> "The determination of whether a . . . plaintiff should be permitted to proceed [*in forma pauperis*] under 28 U.S.C. § 1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. § 1915(a)[.] Second, § 1915 provides that 'the court shall dismiss the case at any time if the court determines that' the case 'is frivolous or malicious' or 'fails to state a claim on which relief may be granted[.]' 28 U.S.C. § 1915(e)(2)(B)(i),(ii)."

*Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017). "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

Even if a *pro se* Plaintiff's pleading fails to state a claim and therefore warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court should ordinarily allow at least one opportunity to amend. *See, Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) ("[T]he court should not dismiss without granting leave to amend at least once *when a liberal reading of the complaint gives any indication that a valid claim might be stated*. . . . [A] *pro se* plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, *unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim*.") (emphasis added; citation omitted).

Plaintiffs filed a 65-page complaint on December 3, 2018, ECF No. 1, alleging in the "Nature of Suit" paragraph: "Tort—personal Injury, property damage, Health care property—liability—family therapist product." Oddly, in the body of the complaint is the name of fourth plaintiff, Henry Lee Hogan, however he is not named in the caption of the complaint. As a first claim, Plaintiff allege the following: "Stamps and Bobby Kirven and Street gang-associates persuading U.S.P.S. employees to obstruction [sic] of Mails [sic] of documents mailed to U.S. Court of Appeals, Workers' Compensation, U.S.D.C." Compl. at 3. Plaintiffs also allege that they "[h]ave yet to receive notice concerning claim filed 31st day of October 2018—6:18-CV-06789cjs—exhibit B—possibly affected by Obstruction of mails by Ronzell Stamps, Bobby Kirven, and Street gang." Compl. at 4.

Plaintiffs' reference to 18-CV-6789-CJS is a reference to a case pending before the undersigned. On December 18, 2018, the Court entered a Decision and Order dismissing the complaint with prejudice. Consequently, Plaintiffs concern about not having heard from the Court is premature.

In Plaintiffs' second claim, they list "malicious acts" they allege Defendants have been committing against them since 2016, including wrongful eviction. Compl. at 4. They further allege that Defendants intend "to continue the malicious acts" and "fraudulently tamper with beneficiaries concerning Life Insurance Policies—claims and estates." Compl. at 5. The complaint is signed only by "Vicoactus Morse; Lisa-Yvette." *Id*.

Attached as an exhibit is Lisa Morse's letter to "Catherine O'Hagen Wolfe, President Trump, Mary Loewenguth, Cheryl Dinolfo, Geoffrey Cox" and addressed to the U.S. Court of Appeals for the Second Circuit at Foley Square in New York City. *Id*. at 7. Attached to that is a portion of a docket sheet that appears to be for an appellate case. The Court's research found the docket at the Second Circuit for *Morse v. U.S. Postal Service, et al.*, No. 18-2645, with a matching docket entry for ECF No. 34, Strike Order. That Strike Order simply states: "Appellant Lisa Morse submission of a FORM D-P does not comply with the Court's prescribed filing requirements. Despite due notice, the defect has not been cured." *Id*. The Order strikes the form from the docket. On the exhibit submitted with the complaint, Lisa-Yvette Morse has written: "strike order applied to missing documents mailed via U.S.P.S. submitted three additional attempts. Documents have yet to reach U.S. Court of Appeals Second Circuit." Compl. at 9. However, a review of the remainder of the docket for the Court of Appeals case No. 18-2645 (which is an appeal from this Court's judgment in 18-CV-6184-CJS) contradicts Lisa-Yvette Morse's contention that her mail is not reaching the Court of Appeals. The docket in the appellate case shows entries from November 26, and December 4, both of which were mailed to the appellate court by Lisa-Yvette Morse.

Although the Court has not studied all 65 pages of the complaint, it appears to consist primarily of copies of complaints filed in earlier cases by Lisa-Yvette Morse in this Court, papers pertaining to a New York Family Court case, and receipts from the U.S. Postal Service.

The Court is familiar with Plaintiff. Since July 2018, the Court has reviewed and dismissed as frivolous five separate cases all alleging fanciful claims.[1] The present action is no different in its unrealistic and confusing allegations. In an earlier decision, *Morse v. Kirven*, 18-CV-6702, the Court wrote about the background involved in Plaintiff's various claims stemming from having been evicted from property of "Wilhelmenia Davis," deceased. As with prior cases filed by Lisa-Yvette Morse, the allegations in the complaint filed in this case consist of conclusory statements without any factual assertions to plausibly suggest an entitlement to relief. Plaintiffs suggest that Defendants are committing mail fraud, or destroying Plaintiffs' mail, both federal offenses under the criminal law. However, such offenses would not authorize a private right of action. *See*, *e.g.* 18 U.S.C. § 1705 (Destruction of letter boxes of mail); *Durso v. Summer Brook Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D. Fla. 2008) (the destruction statute "provides for criminal penalties but does not create civil liability."). Because Plaintiffs are not incarcerated, the constitutional tort of impeding or tampering with mail is not applicable. *Wolf v. McDonnell*, 418 U.S. 599, 575–76 (1974). Plaintiffs have not alluded to 18 U.S.C. § 1964(c) and § 1962, nor have they set out any factual allegations to form the basis for a civil RICO claim. However, in an abundance of caution, the Court will permit Plaintiffs to file an amended complaint. Such an amended complaint would ***completely replace*** the pending original complaint in this action and must

---

[1] *Morse v. Kirven*, No. 18-CV-6702; *Morse v. Goldberg Segalla*, No. 18-CV-6745; *Morse v. Kirven*, 18-CV-6747; *Morse v. United States Postal Service*, No. 18-CV-6184; *Morse v. Ronzell Stamps street gang*, No. 18-CV-6789-CJS.

comply with Federal Rule of Civil Procedure 8. Factual allegations must allege a plausible Federal cause of action, or show how the Court has diversity jurisdiction. Plaintiffs shall have until **January 4, 2019**, to file an amended complaint.

DATED: December 20, 2018
Rochester, New York

<u>/s/Charles J. Siragusa</u>
CHARLES J. SIRAGUSA
United States District Judge